## MARKS v. STATE.

Crim. 3992

Opinion delivered June 22, 1936.

*McDaniel, McCray & Crow*, for appellant.

*Carl E. Bailey*, Attorney General, and *Guy E. Williams*, Assistant, for appellee.

JOHNSON, C. J. Appellant, Mrs. William Marks, was indicted for the crime of assault with intent to kill alleged to have been committed by shooting Pauline Daugherty with a pistol. She was convicted and has been sentenced to a term of ten years in the penitentiary. The prosecuting witness is a young woman 19 years of age at the time of the trial.

Appellant is 42 years old. These women were neighbors residing on adjacent lots, and were bitterly hostile to each other. Mrs. Daugherty testified that she saw Mrs. Marks go across the road to her mail box when she also went across the road to speak to Mrs. Marks, who without warning or provocation began shooting at her, firing twice. She was struck by one of these shots and painfully wounded. Under correct instructions, the jury found that Mrs. Marks had committed an assault with intent to kill, and the testimony is sufficient to sustain that finding.

A reversal is asked because appellant was placed upon trial at a time when her physical condition made this perilous to her life and prevented her from properly presenting her defense. The trial judge remarked that he had a reputable doctor examine Mrs. Marks who had

reported that she had no physical ailments that would prevent her trial from proceeding. This physician's report is not in the record, nor is their any testimony relating thereto, but neither is there any testimony in the record to the contrary.

Mrs. Marks testified at length in her own behalf, and nothing appears in the record to show an abuse of the discretion which trial courts must exercise in this and in similar matters.

At the conclusion of the State's evidence Mrs. Hogue who had been duly subpoenaed was called as a witness. She was not then present, and appellant objected to proceeding until Mrs. Hogue was first placed upon the stand. The judge ordered the trial to proceed, and remarked that Mrs. Hogue would be brought into court, if she had to be brought in on a stretcher. Mrs. Hogue later appeared and testified, but after other witnesses had been placed on the stand.

Clearly, there was no error in the court's ruling, in refusing to delay the trial for the absent witness, when other witnesses were present who could be and were called. A large discretion is vested in trial judges as to the time of introducing testimony and reversals will not be ordered unless it is shown that this discretion has been abused to the prejudice of the objecting party. No prejudice appears to have resulted from the refusal to delay the trial until Mrs. Hogue should appear. The remark of the court that she would be brought in on a stretcher, if necessary, appears to have been more emphatic than the occasion required, but it can not be said that this was prejudicial error calling for the reversal of the judgment.

Instructions were asked, which have been held proper to be given, where the prosecution relies upon circumstantial evidence for a conviction; but they were properly refused in this case as the prosecution did not rely on circumstantial evidence, and the jury was properly instructed as to the law relating to the existence of a reasonable doubt of the guilt of the accused.

We are of the opinion, however, that the sentence is excessive. The remarks of the trial judge in imposing

sentence indicates that he was of the same opinion, although he ordered no reduction, as he might have done.

Mrs. Daugherty testified that immediately before she was shot appellant fired her pistol. Appellant admitted doing so, but stated that she shot at a hawk in her own yard. It is not contended that appellant fired this shot at Mrs. Daugherty. There was testimony to the effect that Mrs. Daugherty had said she was going to beat the hell out of the appellant, and this threat had been communicated to Mrs. Marks. Mrs. Daugherty denied making the threat. Mrs. Daugherty saw Mrs. Marks going across the road to her mail box. She testified that Mrs. Marks had been telling some terrible things about her which she wanted cleared up. "I had gone far enough." Mrs. Marks got a letter out of her box which she was reading when Mrs. Daugherty approached. Mrs. Daugherty admitted that Mrs. Marks told her to stop when she saw her approaching, but she did not do so as her intentions were peaceable, and she only wanted to clear up the gossip. She admitted that she struck Mrs. Marks, whose eye was blackened by the blow, but stated that she did not do so until she had been shot. Mrs. Marks testified that she saw Mrs. Daugherty angrily approaching with something in her hand, which she now thinks was a rock; and that Mrs. Daugherty struck her with this object, whereupon they clashed and fell to the ground, and she fired the pistol. Mrs. Louella Garrett, a neighbor, being in the house adjacent to that of Mrs. Marks, testified that she was standing at a window and through it she saw the encounter; the women were on the ground when the shots were fired, and that Mrs. Marks did not fire until Mr. Daugherty, Mrs. Daugherty's father-in-law, began beating Mrs. Marks over the head with his cane.

Mrs. Hogue gave testimony to the same effect. This testimony was contradicted by Mrs. Daugherty and this conflict in the testimony was, of course, a question for the jury. But there are some facts about which there is no conflict. Mrs. Daugherty followed Mrs. Marks across the road where she had gone to get her mail. There can be no question that Mrs. Daugherty was belligerent in manner. She admitted that Mrs. Marks asked her to

stop, and that she did not do so. She intercepted Mrs. Marks as she was going home reading her letter, and she was between Mrs. Marks and Mrs. Marks home when the encounter began.

Mr. Daugherty testified that he saw Mrs. Marks fire her pistol, but he did not see any hawk. He heard her say ''Pauline don't come another step closer to me. I will kill you if you come any closer,'' and the shots were fired before the women clinched and fell. When they fell he walked up and began striking Mrs. Marks over the head with his cane, and also struck her with his fist. Mrs. Marks testified that she was so excited and frightened that she does not remember when or how she fired.

Under these circumstances, while the testimony is legally sufficient to sustain the conviction for assault with intent to kill, we are of the opinion that the sentence is excessive and should be reduced to the minimum punishment provided by statute, namely, one year, and it will be so ordered. *Ball* v. *State, ante* p. 858, 95 S. W. (2d) 632.