Lonnie James SANDERS *v.* STATE of Arkansas

CR 77-171                                    559 S.W. 2d 704

Opinion delivered December 19, 1977
(Division I)
[Rehearing denied January 23, 1978.]

596

*McArthur & Johnson,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Justice. The fundamental inquiry to be made by the Court in this case is whether or not the warrantless search of appellant's suitcase by Little Rock Police officers is reasonable under the circumstances involved.

## FACTS

Appellant, Lonnie James Sanders, was charged by information by the Prosecuting Attorney of the Sixth Judicial District with possession of a controlled substance (marijuana) with intent to deliver in violation of Act 590 of 1971, as amended.

The charge was the culmination of an intensive surveillance of appellant by the Little Rock Police Department, hereafter referred to as the police, just prior to and during his scheduled arrival at the Little Rock Municipal Airport on April 23, 1976.

The police had been advised by a confidential informant some time prior to April 23, 1976, that appellant had sent an empty green suitcase to Dallas, Texas, on a flight and that in a day or two, appellant would go to Dallas to pick up the suitcase and that the suitcase would be containing marijuana.

On the morning of April 23, 1976, the informant advised the police that appellant would be arriving at the Municipal Airport of Little Rock, Arkansas, at 4:35 p.m. on April 23, 1976, and would deplane at Gate 1 and that appellant would have the green suitcase containing the contraband.[1] The police set up a surveillance at the Municipal Airport awaiting the arrival of appellant. As appellant exited Gate 1, appellant was observed carrying two bags and immediately existed the terminal and placed the two bags in the trunk of a waiting taxicab. Appellant returned to the luggage area inside the terminal and took a green suitcase from the luggage rack and

---

[1]The informant had supplied information to the police in the past which had proven to be reliable and rewarding in the police's effort to cope with the drug problem.

passed it to one David Rambo. Appellant immediately left the terminal and got into the compartment of the cab. Rambo waited inside the terminal near the luggage area a few minutes and he subsequently exited the terminal and placed the green suitcase in the trunk of the cab and took a seat in the compartment of the vehicle. As the taxi departed the airport, the police followed in an unmarked vehicle. As the cab proceeded down East Roosevelt Road, a separate unit of the police, upon request of the officers following the taxi, stopped the taxicab and the officers following the cab requested the cab driver to open the trunk of the vehicle. Another officer directed appellant and Rambo to step out of the vehicle and stand to the side of the taxicab; police officers, without the consent of the appellant or Rambo, opened the green suitcase and found 9.3 pounds of marijuana. Appellant and Rambo were then placed under arrest and appellant was placed in one police unit and Rambo in another and were taken to the Little Rock Police Department.

On January 31, 1977, a hearing was conducted on appellant's Motion to Suppress the evidence which was denied by the trial court.

On February 3, 1977, appellant was found guilty by a jury as charged and was given ten years in the Department of Correction and a fine of $15,000.00.

## APPELLANT'S CONTENTIONS

Appellant alleges the following as the grounds for reversal of his conviction:

1. The trial court erred in denying appellant's Motion to Suppress the evidence gained as a result of an illegal search.

2. The trial court erred in allowing the codefendant to present evidence of a statement allegedly made by appellant and further erred in allowing the codefendant to present rebuttal evidence directed toward appellant.

3. The trial court erred in admitting into evidence

the subject of this charge when it was not properly identified.

## THE SEARCH

Appellant's contention that the warrantless search of his green suitcase, under the existing circumstances, was unreasonable and consequently in violation of the Fourth Amendment to the United States Constitution has merit. We conclude that the trial court erred in denying appellant's Motion to Suppress the evidence confiscated from the suitcase and, therefore, appellant's conviction is reversed.

It is well recognized that warrantless searches are per se unreasonable unless they fall within some established exception to the warrant requirement of the Fourth Amendment to the United States Constitution. One of these exceptions is probable cause coupled with exigent circumstances. But probable cause alone is insufficient for a warrantless search to square the mandate of the Fourth Amendment against unreasonable searches. *United States* v. *Chadwick*, 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538; *Coolidge* v. *New Hampshire*, 403 U.S. 443, 91 S. Ct. 2022; *Horton* v. *State*, 262 Ark. 211, 555 S.W. 2d 226; *Perez* v. *State*, 260 Ark. 438, 541 S.W. 2d 915.

The information supplied to the police by the confidential informant is adequate to support the State's claim that the police had probable cause to believe that appellant's green suitcase contained a controlled substance when the police confiscated the suitcase and opened it. For the confidential informant, who had supplied reliable information in the past, had advised the police of appellant's mode and manner of transporting marijuana into the state; the police were given the type and color of the suitcase that was being used by the appellant; the approximate date that the empty suitcase was sent to Dallas was supplied to the police; the date and time of appellant's arrival at the Little Rock Municipal Airport was within the immediate knowledge of the police; the name of the commercial airline, as well as the flight number that appellant would be traveling on was revealed to the police by the informant; and the police were also told the gate number that appellant would exit when he deplaned.

Moreover, appellant, at the time, was a resident of Little Rock and was no stranger to the police. The search of the green suitcase can not be justified under the "automobile exception" as claimed by the State. It must also be remembered that appellant's mode of transportation from the Little Rock Municipal Airport was by a local taxicab; the green suitcase was locked in the trunk of the taxicab[2]; the police took possession of the suitcase while appellant was in the compartment of the taxicab and appellant was later taken into immediate custody and placed in a police car; the confiscation of appellant's suitcase took place shortly after 4:35 p.m. in a metropolitan area. Indeed, there is nothing in this set of circumstances that would lend credence to an assertion of impracticality in obtaining a search warrant, or support the State's contention that "mobility of the object to be searched (the green suitcase)" justified a warrantless search. See: *Perez v. State,* supra; *Tygart* v. *State,* 248 Ark. 125, 451 S.W. 2d 225, cert. den. 400 U.S. 807, 91 S. Ct. 50; *Coolidge* v. *New Hampshire,* supra.

To paraphrase the Unied States Supreme Court's observation in *United States* v. *Chadwick,* supra, the factors which diminish the privacy aspects of an automobile do not apply to appellant's suitcase. Luggage contents are not open to public view, except as a condition to a border entry or common carrier travel; nor is luggage subject to regular inspections and official scrutiny on a continuing basis. Unlike an automobile, whose primary function is transportation, luggage is intended as a repository of personal effects. In sum, a person's expectations of privacy in personal luggage are substantially greater than in an automobile.

Nor does the suitcase's mobility justify dispensing with the added protections of the Warrant Clause. Once the Little Rock police had seized appellant's suitcase from the trunk of the taxicab and had the suitcase under their exclusive control, there was not the slightest danger that the suitcase or its contents could have been removed before a valid search

---

[2]The evidence in this case supports the conclusion that the relationship between the suitcase and the taxicab is coincidental, and the suitcase was not a part of the area from which appellant might gain possession of a weapon or destroy the evidence contained in the suitcase. See: *Chimel* v. *California,* 395 U.S. 752, 763 (1969).

warrant could be obtained. The initial seizure of appellant's suitcase, the validity of which appellant does not contest, was sufficient to guard against any risk that evidence might be lost. With the suitcase safely immobilized, it was unreasonable to undertake the additional and greater intrusion of a search without a warrant.

## CO-DEFENDANT OFFERS AS EVIDENCE STATEMENT ALLEGEDLY MADE BY APPELLANT

Over strenuous objections of appellant, on the grounds of relevancy, the trial court permitted Jonas Rambo to offer the following evidence in support of appellant's co-defendant, David Rambo. "He (appellant) told me if I'd let David (the co-defendant) take the rap for a year, he'd get him out of jail. First told me he had a lawyer for both of them, then went to court and found he didn't have a lawyer for David, but he told me if I'd let David take the rap for both of them he would go ahead. He'd make enough money to get a good lawyer and get him out."

We hold that the trial court did not commit error in admitting this testimony inasmuch as the testimony was quite relevant inasmuch as David Rambo, in testifying in his own behalf, corroborated the testimony of law enforcement officers as to what transpired at the airport after appellant and the co-defendant arrived from Dallas. It was David Rambo's contention that appellant was completely unknown to David Rambo before the two men met at the Dallas, Texas, airport, while on the other hand, appellant claimed that he and David Rambo were cousins, and that he had no knowledge that the suitcase contained marijuana, but he had agreed to carry the bag once the two reached Little Rock in return for $5.00 that appellant had agreed to pay him. It is obvious that David Rambo was seeking to convince the jury that he had participated in the drug running operation unknowingly and that his only function in the scheme was to take the rap for appellant in this case appellant's activities were exposed and criminal charges resulted. Moreover, appellant specifically claimed that he had never seen the suitcase containing the drugs until Rambo placed the suitcase in the taxicab to be used in leaving the airport. In addition, Jonas Rambo sup-

ported his son's (David Rambo) testimony and rebutted the testimony of appellant. Jonas Rambo testified that, contrary to appellant's contention, the two defendants were not related. See: Rule 401, Arkansas Uniform Rules of Evidence.

Appellant also claims that the trial court committed error in permitting Jonas Rambo to testify in behalf of his son, David Rambo, after David Rambo and appellant had completed presenting evidence in support of their respective cases. This contention is without merit inasmuch as it is well settled that a large discretion is vested in the trial judges as to the time of introducing testimony. Consequently, reversals will not be ordered unless it is shown that this discretion has been abused to the prejudice of the objecting party. No prejudice has been demonstrated. See: *Marks* v. *State*, 192 Ark. 881, 95 S.W. 2d 634.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN, HOLT, and HICKMAN, JJ.