Signor BERRY, Jr. *v.* STATE of Arkansas

CR 78-11                                    565 S.W. 2d 418

Opinion delivered May 15, 1978
(In Banc)

*Boyd A. Tackett, Jr.*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Joseph H. Purvis*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Signor Berry, Jr., was convicted of possession of heroin with intent to deliver and was sentenced to 25 years' imprisonment and to a $5,000 fine. The two principal points for reversal concern the validity of the search of an automobile and the sufficiency of the State's proof that Berry's possession of a minute quantity of heroin was with intent to deliver. We sustain the search, but hold that the State proved possession only, not possession with intent to deliver.

At about 9:15 on the night of December 23, 1976, two Miller County deputy sheriffs were patrolling a county road in an area where narcotic activity had been reported. The officers saw two men (the appellant Berry and Charles Harper) sitting in a Cadillac beside the road. The officers stopped to investigate and were told that the car had overheated and that the men were waiting for it to cool off. The officers were suspicious, but drove on after having written down the Cadillac's license number.

A mile or two farther down the road the officers investigated a pickup truck sitting off in the woods and arrested its two occupants for the possession of a substantial quantity

of marihuana. In searching that truck the officers found a gasoline credit card slip bearing the Cadillac's license number. The officers inferred a connection between the two vehicles, went back to where the Cadillac was parked, and stopped it as Harper attempted to drive away. As the officers approached with their spotlight fixed on the Cadillac, Berry leaned down and seemed to fumble with something on the floor.

The officers directed Harper and Berry to get out of the car, which was illuminated by the spotlight. One of the officers then looked into the car and saw, on the floorboard on the passenger's side, an open bank bag containing syringes, white powder, and other things which the officer recognized as paraphernalia used in trafficking in drugs. The bank bag was sitting on a briefcase that was closed but not locked. Both the bag and the briefcase were searched to some extent at the scene and more thoroughly at the county jail. The bag contained the small quantity of heroin that we will describe later. The briefcase contained a loaded pistol and, among other things, Berry's driver's license and a card issued to him by the Veterans Administration.

We hold the search of the bag and briefcase to have been valid. The two officers, in view of the facts known to them, had solid reasons for stopping the Cadillac when its driver apparently tried to elude them. The plain-view doctrine came into play when one officer looked into the vehicle and saw what he recognized as narcotics paraphernalia. The officer then had probable cause for believing that other areas in the car might contain contraband. A thorough search of the vehicle was therefore warranted. The officers were justified in searching the briefcase, just as a search of a suitcase was upheld in similar circumstances in *United States* v. *Finnegan*, 568 F. 2d 637 (9th Cir., 1977).

The search of the briefcase was not prohibited either by the Supreme Court's holding in *United States* v. *Chadwick*, 433 U.S. 1 (1977), or by our holding in *Sanders* v. *State*, 262 Ark. 595, 559 S.W. 2d 704 (1977). In both those cases the courts disapproved, as unreasonable, a warrantless search of luggage in the possession of a person traveling on an interstate journey. For the prosecution it was argued in both cases, un-

successfully, that the automobile exception to the prohibition against warrantless searches should be extended to personal luggage, by reason of its mobility. Here, by contrast, there is no suggestion that Harper and Berry were on a journey or that the briefcase was clothed with any expectation of privacy on the part of its owner. In *Finnegan, supra,* the court concluded, upon similar facts:

> Were we to rule that *Chadwick* applies here and renders the search of the suitcase illegal, inconsistent and contradictory results would follow. For instance, a police officer could search and seize a brick of marijuana lying inside the trunk of a car but not a brick of marijuana lying inside a suitcase in the trunk of a car.

In other words, persons having contraband drugs in their possession could prevent a search for such drugs in an automobile simply by carrying the articles in a suitcase rather than in a sack or in a box.

Second, we turn to the State's proof of possession with intent to deliver. Even though Harper owned the Cadillac, the jury could have found from the facts already narrated that Berry was in possession of the bank bag and briefcase. It turned out, however, that the white powder observed by the officer was merely a substance connected with the drug traffic, as an adulterant, but not itself a controlled substance. The only controlled substance found in the Cadillac was what may be described as a trace of heroin in a bottle cap of the kind that comes with quart containers of soft drinks, enabling the purchaser to reseal the bottle after it has been opened. The State's proof showed that the bottle cap's condition indicated that it had been used to heat a quantity of heroin for an injection, with a minute amount of the drug being left on the bottle cap after the heroin had been used.

The Attorney General does not seriously argue that the State proved that Berry could fairly have been found to have intended to recover and sell the trace of heroin in the bottle cap. Instead, it is argued that the syringes and other paraphernalia showed that Berry was trafficking in drugs. Even so, the prosecution cannot prove possession of drugs with intent to deliver by showing merely that the accused is

engaged in selling drugs. The State must prove that the accused possessed a specified quantity of a particular drug with the intent to deliver that drug. That showing has not been made in this case. The conviction for possession of heroin with intent to deliver must therefore be reduced to the lesser included offense of mere possession, which for a Schedule I narcotic drug is a Class C felony punishable by from two to ten years' imprisonment in the Department of Correction and a fine not exceeding $10,000. Ark. Stat. Ann. § 82-2617 (c) (Supp. 1977); and §§ 41-901 and 41-1101 (Repl. 1977). The sentence is reduced to imprisonment for two years and a fine of $1,000. The judgment is so modified and the cause remanded to the circuit court for the entry of an order conforming to this opinion.

Modified and remanded.

Harris, C.J. would reduce sentence to five years.