Phillip Eugene SCISNEY *v.* STATE of Arkansas

CR 80-124                                        605 S.W. 2d 451
Supreme Court of Arkansas
Opinion delivered October 6, 1980

*W. H. "Dub" Arnold*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. On July 6, 1979, while driving

on Interstate 30 near Arkadelphia, appellant was stopped by troopers of the Arkansas State Police around 11:30 p.m. when they noted his license plate light was out and observed his vehicle weave several times across the center line. The troopers testified that both appellant and his passenger, Marshall Williams, smelled of alcohol and marijuana. After appellant performed very poorly on four dexterity sobriety tests given by him by Trooper Jim Jenkins, he was placed in custody at the rear of his vehicle. About this same time, Williams was removed from the vehicle by Trooper Glen Owens, and he was also placed in custody at the rear of the vehicle. Trooper Jenkins testified that at this point he had every intention of placing appellant under arrest for driving while under the influence of alcohol or drugs, but he had not yet done so. With both appellant and Williams in custody, and the vehicle within the exclusive control of the officers, Trooper Jenkins decided to look inside the vehicle for weapons. He did not then find a weapon, but he did find several hand-rolled cigarettes in two separate places in the vehicle which he suspected contained marijuana, and he proceeded to search the rest of the vehicle. The trooper removed the keys from the ignition and, without the consent of appellant, opened the trunk to inspect its contents. He discovered two suitcases which he later described as being "very old" and "secured by masking tape." After removing the masking tape, he opened the suitcases and found 27 bricks of what was later determined to be marijuana. At this point appellant was arrested, informed of his rights, and transported to the Clark County jail where he was charged with possession of a controlled substance with intent to deliver. Appellant filed a motion to suppress the marijuana from evidence, alleging that it had been seized in a warrantless and, thus, illegal search. A pretrial hearing was held on the motion and it was denied by the trial court without comment insofar as the record reflects. Appellant was tried before a jury on January 29, 1980, convicted and sentenced to imprisonment for five years and fined $10,000. Appellant brings this appeal, alleging as his sole point of error that the trial court erred in denying his motion to suppress.

The only issue on this appeal is whether the warrantless

search of the suitcases found in the trunk of appellant's automobile was violative of the Fourth Amendment to the United States Constitution. This court has upheld the warrantless search of a bank bag and a closed, but unlocked, briefcase, both discovered within the passenger compartment of an automobile. *Berry* v. *State*, 263 Ark. 446, 565 S.W. 2d 418 (1978). We have also recently upheld the warrantless search of a purse found between the two front seats of an automobile. *Daigger & Taylor* v. *State*, 268 Ark. 249, 595 S.W. 2d 653 (1980).

However, in *Sanders* v. *State*, 262 Ark. 595, 559 S.W. 2d 704 (1977), aff'd 442 U.S. 753, 99 S. Ct. 2586, 61 L. Ed. 2d 235 (1979), we held that the warrantless search of a suitcase removed from the trunk of a taxicab by police officers who reasonably believed it contained marijuana was nonetheless unconstitutional in the absence of any exigent circumstances. The United States Supreme Court has also often held that, absent exigent circumstances, a lawful search of luggage may be performed only pursuant to a warrant, for "luggage is a common repository for one's personal effects and therefore is inevitably associated with the expectation of privacy." *Arkansas* v. *Sanders*, 442 U.S. 753, 99 S. Ct. 2586, 61 L. Ed. 2d 235 (1979); *United States* v. *Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L. Ed. 2d 538 (1977); *Torres* v. *Puerto Rico*, 442 U.S. 465, 99 S. Ct. 2425, 61 L. Ed. 2d 1 (1979). Appellant urges this line of authority and contends that the search of the suitcases was unlawful as there were no exigent circumstances present at the time of the search sufficient to excuse the warrant requirement of the Fourth Amendment. While not disputing the authority cited by appellant, appellee contends that certain characteristics of the suitcases stripped them of the protection of the "suitcase doctrine" established by *United States* v. *Chadwick*, supra. Appellee relies on footnote 13 of *Arkansas* v. *Sanders*, supra, as authority for this proposition, in which the Court noted:

Not all containers and packages found by police during the course of a search will deserve the full protection of the Fourth Amendment. Thus, some containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of

privacy because their contents can be inferred from their outward appearance. . . . 442 U.S. at 764.

Appellee submits that because the suitcases were old and secured by masking tape, Trooper Jenkins was able to reasonably infer that they contained contraband drugs. The state directs us to the trooper's testimony wherein he stated that "In the different drug schools that I have been to, I have seen these type suitcases before and normally know what is used in them, although other things can be, too." We are not prepared to extend the dictum of the United States Supreme Court as expressed in *Arkansas* v. *Sanders* to the facts of the case now on appeal. The reasonableness of the search was a closer question in *Sanders* than in this case because there the officers acted on a tip from a reliable source that the suitcase contained marijuana, but here there was no tip or other information to give the trooper probable cause to believe marijuana was located in the trunk of the automobile. Certainly, several marijuana cigarettes found in the passenger compartment of the vehicle do not supply the probable cause required for a search of two sealed suitcases in the locked trunk of the car, nor do they provide the reasonable belief required for such a search by Rule 12.4 of the Arkansas Rules of Criminal Procedure. It is also significant that appellant and his companion had both been removed from the vehicle and there simply were no exigent circumstances, as the vehicle was already under the complete control of the troopers. Certainly, appellant would not be allowed to drive the vehicle to the station while under arrest for D.W.I., and, in fact, the vehicle was towed to the police station by a wrecker. There was ample opportunity for the troopers to obtain a search warrant to search the trunk and suitcases after the vehicle was impounded, and in this case it was unreasonable and reversible error not to have done so. Appellant's motion to suppress should have been granted, and the judgment of the trial court is accordingly reversed and remanded.

Reversed and remanded.