Mark Alan COOK and Ricki Lee HOWARD *v.* STATE
of Arkansas

CR 87-39                                    732 S.W.2d 462

Supreme Court of Arkansas
Opinion delivered July 20, 1987

*Honey & Rodgers, P.A.*, for appellants.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellants were charged by information and convicted of possession of a scheduled narcotic and possession with intent to manufacture or deliver controlled substances in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1985). The defendants were found guilty at a trial before the court, and each was sentenced to a term of forty years and a fine of $25,000. For reversal the appellants contend that there was no probable cause for the search of their vehicle and the court erred in failing to suppress the evidence which was obtained without a search warrant. We find no reversible error and affirm the sentences.

This case will be determined by the testimony of the arresting officer, Mike Brown, who was an eleven year veteran with the state police force. He testified he had made hundreds of arrests on marijuana and other narcotics charges. The officer stated that on October 22, 1986, he noticed the vehicle in which the appellants were riding as it drove along the interstate highway. The appellants' vehicle gained the officer's attention when it crossed over the lane marker two or three times. The officer thought they might be driving under the influence of alcohol and stopped them. He went to the driver's side and asked Cook for his driver's license. He stuck his head inside the rolled-down window when he was asking for the driver's license. He asked Cook to exit the vehicle and to go to the back of the car where he questioned him. He told Cook that he had stopped them because they were weaving across the lane markers. Cook informed the officer that the car was weaving because it had been wrecked and was pulling to the right. After questioning Cook, and learning that the vehicle was owned by Howard, he allowed Cook to return to the vehicle. The officer then went to the passenger's side to discuss ownership and insurance with the other appellant. The officer testified that as he approached the passenger's side, he aimed his flashlight through the window and noticed an ice chest on the floorboard and a small piece of marijuana nearby. After getting Howard out of the vehicle, the officer reached inside of the vehicle and picked up the piece of marijuana.

After having the owner-passenger go to the rear of the vehicle, the officer opened the glovebox and found a baggie of marijuana, some hemostats, and two small bags of white crystal-line powder. This powder turned out to be cocaine. The officer then placed appellants under arrest for possession of marijuana. Another officer had been called to the scene, and one of the defendants was placed in Brown's vehicle and the other was placed in the other officer's vehicle.

With the appellants handcuffed and placed in the patrol cars, the officer then went back and searched the interior of the vehicle. He found a couple of grip bags in the back seat. He unzipped them and found a plastic baggie of off-white powder. The officer stated that there was an odor coming from the bag and that he had previously smelled this odor when he walked up to the driver's side of the vehicle. The substances seized turned out to be prohibited substances.

■ The question for review is whether or not the officer had probable cause to search the interior of the vehicle, and specifically whether he had the right to open the zipped bags found inside the passenger compartment. We start with the basic premise that a warrantless search is unauthorized. However, many exceptions to the Fourth Amendment have been found to exist, including an exception relating to automobiles. The only ground for suppression argued in the trial court was that the search violated A.R.Cr.P. Rule 14.1. This Rule, in pertinent part, states as follows:

> (a) An officer who has reasonable cause to believe that a moving or a readily movable vehicle is or contains things subject to seizure may, without a search warrant, stop, detain, and search the vehicle and may seize things subject to seizure discovered in the course of the search where the vehicle is:

> (i) on a public way or waters or other area open to the public . . . .

■ In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based on the totality of the circumstances. We reverse only if the trial judge's ruling was clearly against the preponderance of the evidence. See

*Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 108 (1986). In *United States* v. *Ross*, 456 U.S. 798 (1982), it was held that where a police officer who has probable cause to believe a stopped vehicle contains prohibited substances which are subject to seizure, the officer may conduct a search as though a magistrate had authorized a warrant particularly describing the place to be searched. The federal courts allow greater searches than are authorized by Rule 14.1. Therefore, we must look to Arkansas cases for a determination of the question here on review.

In the case of *Rowland* v. *State*, 262 Ark. 783, 561 S.W.2d 304 (1978), after noting that the success of the search did not validate the search if it was unlawful in its inception, we went on to state: "Whenever a police officer has reasonable cause to believe that contraband is being unlawfully transported in a vehicle, that vehicle may be the object of a warrantless search, but the right to search and the validity of the search are dependent upon the reasonableness of the cause the searching officer has for believing that the contents of the automobile offend against the law." The appellant relies on *Sanders* v. *State*, 262 Ark. 595, 559 S.W.2d 704 (1977), and *Moore* v. *State*, 268 Ark. 171, 594 S.W.2d 245 (1980). Neither case is on point with the present facts. In *Sanders* a suitcase or locker in the trunk of a taxicab was searched without a warrant. This search and seizure was held to be illegal. In *Moore* a shaving kit was found hidden in the trunk of an automobile after the driver and occupants had been removed and arrested.

In the present case there is no serious argument that the arresting officer did not have a valid reason to stop the automobile in which the appellants were riding. The facts of this case are not significantly different from those in *Berry* v. *State*, 263 Ark. 446, 565 S.W.2d 418 (1978), where the officers stopped a vehicle because the driver had tried to elude them. In *Berry* we stated:

> The plain-view doctrine came into play when one officer looked into the vehicle and saw what he recognized as narcotics paraphernalia. The officer then had probable cause for believing that other areas in the car might contain contraband. A thorough search of the vehicle was therefore warranted. The officers were justified in searching the briefcase, just as a search of a suitcase was upheld

in similar circumstances in *United States* v. *Finnegan*, 568 F.2d 637 (9th Cir. 1977).

We faced a factually similar situation in *Daigger & Taylor* v. *State*, 268 Ark. 249, 595 S.W.2d 653 (1980). Daigger and Taylor were in an automobile which was lawfully stopped by the police and the vehicle was searched. A search of Mrs. Daigger's purse, which was found between the front seats of the vehicle, discovered LSD. In *Daigger*, we relied upon A.R.Cr.P. Rule 12.4, which states:

> (a) If, at the time of the arrest, the accused is in a vehicle or in the immediate vicinity of a vehicle of which he is in apparent control, and if the circumstances of the arrest justify a reasonable belief on the part of the arresting officer that the vehicle contains things which are connected with the offense for which the arrest is made, the arresting officer may search the vehicle for such things and seize any things subject to seizure and discovered in the course of the search.

> (b) The search of a vehicle pursuant to this rule shall only be made contemporaneously with the arrest or as soon thereafter as is reasonably practicable.

We hold that the initial stop was lawful in this case. The discovery of the initial evidence was inadvertent and its incriminating nature was immediately apparent. The officer testified that he smelled narcotics before unzipping the bag which was found inside the passenger compartment. From the facts stated and the cases listed above, we hold that the search and seizure in this case was in full compliance with the Arkansas Rules of Criminal Procedure. Therefore, the case must be affirmed.

HICKMAN, DUDLEY, and HAYS, JJ., concur.