## Charles PRICHARD *v.* STATE of Arkansas

CR 89-8                                    775 S.W.2d 898

Supreme Court of Arkansas
Opinion delivered September 18, 1989

*Matt Keil*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Charles Prichard was charged with possession of a controlled substance with intent to deliver and possession of marijuana, third offense. He was convicted in a bifurcated trial and, as an habitual offender, sentenced to thirty

years and fifteen years on the respective offenses. He asks us to overturn his convictions on two grounds: first, the trial court should have suppressed evidence seized in a warrantless search of his vehicle and, second, the trial court should have granted his motion for a directed verdict challenging the sufficiency of the evidence offered by the state. Finding no error, we affirm the judgment of conviction.

Pursuant to a warrant to search the premises, police officers called at the residence of Charles Prichard on October 7, 1987. Melanie Adams, Prichard's girlfriend, answered their knock and, recognizing one of the officers from a previous search, said, "It isn't here; Charles is gone in it." After searching the dwelling and finding drug paraphernalia, the officers waited at a nearby location and later saw Prichard and a companion, Charles Garrett, drive toward the house. Both men were felons and were believed to carry weapons. In the process of stopping appellant's vehicle, the officers observed Garrett bend down as though he were placing something under the seat. After the vehicle was stopped, the officers found an automatic pistol under the passenger's seat. In the back of the vehicle they saw an open zippered bag or kit from which hypodermic needles were protruding. The bag, which was searched at the police station, contained four syringes, white powder and marijuana cigarettes.

Appellant concedes that the police had probable cause to stop the vehicle, but he contends that once he was arrested and the suspicious container was immobilized, exigent circumstances disappeared and the officers were prohibited under the Fourth Amendment from opening the zippered bag until they had obtained a search warrant. Appellant relies on *Moore* v. *State*, 268 Ark. 171, 594 S.W.2d 245 (1980), and *Sanders* v. *State*, 262 Ark. 595, 559 S.W.2d 704 (1977).

We need look no farther than the plain-view doctrine to affirm the trial court's refusal to suppress this evidence. The zippered bag, its contents partially visible, was lying in plain sight in the back of appellant's vehicle. Since the initial stop was admittedly proper, the officers had the right to seize any contraband in plain view without a search warrant. *Cook* v. *State*, 293 Ark. 103, 732 S.W.2d 462 (1987); *Berry* v. *State*, 263 Ark. 446, 565 S.W.2d 418 (1978). That circumstance renders this case

distinguishable from the *Moore* and *Sanders* cases, where the contraband was inside a shaving kit hidden in a fender well of the vehicle (*Moore*) and concealed in a suitcase in the trunk of a taxicab (*Sanders*).[1]

■ Turning to the remaining point, the state rested its case without proving two prior convictions for possession of marijuana, whereupon appellant moved for a directed verdict. The motion is not abstracted, but we take the argument to be that the state should have proved the two prior convictions during its case in chief, that is to say, appellant contends the prior convictions were elements of the crime which only the jury could consider. We reject the argument as we believe the trial court correctly followed the procedure established by Act 252 of 1981 [Ark. Code Ann. § 5-4-502 (1987)]. Under that statute the jury hears the evidence on the current charge and decides guilt or innocence. At that point the trial court, away from the jury, determines the number of prior convictions and instructs the jury accordingly. The jury then retires again to fix the appropriate sentence.

■ We have held that the determination of prior convictions for purposes of enhancement of sentence is a question of law rather than fact [*Graham* v. *State*, 290 Ark. 107, 717 S.W.2d 203 (1986); *McGirt* v. *State*, 298 Ark. 7, 708 S.W.2d 620 (1986)], and we have upheld the constitutionality of this procedure. *Shockley* v. *State*, 282 Ark. 281, 668 S.W.2d 22 (1984).

■ It should also be pointed out that Ark. Code Ann. § 5-1-103 (1987) makes the bifurcated procedure followed in this case applicable where multiple offenses are involved, "unless otherwise provided." Since the Uniform Controlled Substances Act, under which appellant was charged, is silent as to procedures for enhanced sentencing, § 5-1-103 applies.

The judgment is affirmed.

---

[1] The State of Arkansas petitioned for certiorari in the *Sanders* case, which the Supreme Court granted and affirmed. *Arkansas* v. *Sanders*, 442 U.S. 753 (1979). Both the *Moore* and *Sanders* cases must be read in light of the later case of *United States* v. *Ross*, 456 U.S. 798 (1982).