. Phillip CONLEY *v.* STATE of Arkansas

CR 91-193                                      821 S.W.2d 783

Supreme Court of Arkansas
Opinion delivered January 21, 1992

*Herbert T. Wright, Jr. P.A.*, by: *Herbert T. Wright*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal arises from the conviction of the appellant, Phillip Conley, for possession with intent to deliver cocaine and from his sentence as a habitual offender to a term of forty years. The appellant raises two points on appeal: the lack of substantial evidence to support the jury verdict, and the absence of a usable amount of cocaine to sustain the conviction. We find no merit in the points raised, and we affirm the conviction.

The facts are these. On the evening of June 19, 1990, two detectives of the Little Rock Police Department staked out a residence in Little Rock. One detective had binoculars; the other did not. At 8:35 p.m., the detectives saw Damien Adams, age 16, motion several vehicles not to stop, as they slowed down on their approach to the residence. At 8:45 p.m., a Dodge van approached and backed into the driveway of the house. The appellant

emerged from the van and went over to Adams and gave him some money. The appellant then went back to the van, took something from it, closed the van door, and activated the car alarm. He then went over to the chimney of the house and dropped a tan-and-white matchbox beside it. After that, he went inside the residence.

Minutes later, a woman approached Adams in the front yard. Adams went over the chimney, picked up the matchbox and opened it. The detective with binoculars testified that he thought Adams retrieved something from the box but could not be positive. Adams put the box down and walked back to the woman who gave him some money. The detectives later observed similar transactions between Adams and two men.

When the detectives moved in, they recovered the matchbox, which contained three rocks of crack cocaine. A chemist subsequently testified at trial that the rocks contained a cocaine and procaine base of .141 grams. Of that base amount, 76.5 percent was cocaine. Adams had $183 in case on his person. They arrested both Adams and the appellant. Adams subsequently pled guilty to possession with intent to deliver cocaine. He testified at the appellant's trial, but he did not implicate him.

The appellant testified at trial that he had gone to purchase fireworks for his mother-in-law in order to chase some teenage boys out of her front yard and that the fireworks stand had not been open. He returned to the house in his van and returned the $3.00 that he had borrowed from Damien Adams to buy the fireworks. The appellant also stated he had a baby in his arms when he came back to the house, and he denied going over to the chimney. One detective, in rebuttal testimony, disputed the presence of a baby.

For his first point, the appellant argues that the state presented no evidence from which the jury could deduce guilt and, thus, the jury was forced to rely on surmise and conjecture. We disagree. The fact that evidence is circumstantial does not render it insubstantial. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Where circumstantial evidence is relied upon, however, it must exclude every other reasonable hypothesis but the guilt of the accused. *Harshaw* v. *State*, 275 Ark. 481, 631 S.W.2d 300 (1982); *Smith* v. *State*, 264 Ark. 874, 575 S.W.2d 677 (1979). The question of whether a more reasonable hypothe-

sis exists is usually one for the jury. *Gardner* v. *State, supra*; *Harshaw* v. *State*, supra.

When determining the sufficiency of the evidence, we view the proof in the light most favorable to the appellee. *Gardner* v. *State, supra*; *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977). What the state presented by way of evidence and what the jury presumably found to be persuasive was a process that more than suggested that the appellant was trafficking in drugs.

■ The appellant drove to a residence, gave Adams money, and then dropped a matchbox by the chimney. Adams opened that matchbox and went back to a woman who gave him money. Similar transactions involving Adams, the matchbox, and two other persons occurred. Crack cocaine was found in the matchbox. The evidence is circumstantial, but the jury could readily have found from these facts that the appellant was involved in drug transactions. Certainly, the appellant's testimony that he was engaged in the purchase of fireworks is not reasonable or plausible in light of the detectives' surveillance of what transpired.

The appellant next contests his conviction on grounds that a usable amount of cocaine was not proven by the prosecutor. The percentage of cocaine found, .141 grams, is less than the presumptive amount for possession with intent to deliver under our statute, which requires more than one gram. *See* Ark. Code Ann. § 5-64-401(d) (Supp. 1991). Nevertheless, two detectives observed the appellant's participation in transactions that involved the sale of cocaine. Moreover, Damien Adams, though he did not identify the appellant as as accomplice, pled guilty to delivering cocaine.

■ The fact that the prosecutor did not introduce evidence of a usable amount is not fatal to the state's case. We have held that usable amount is a factor to be considered where the accused is charged with possession of a controlled substance. *See Harbison* v. *State*, 302 Ark. 315, 790 S.W.2d 146 (1990). In *Harbison* the issue was whether a trace amount of cocaine found in the possession of the accused constituted a usable amount for a possession conviction. Here, however, more than a trace amount of cocaine was found in the matchbox, and the offense charged was possession with intent to deliver. To prove the requisite

intent, the state presented eyewitness testimony from two detectives.

■ The Arkansas Court of Appeals has upheld a conviction for trafficking when less than the presumptive amount was found in the possession of the accused but where other proof of intent to deliver was present. See *Johnson* v. *State*, 23 Ark. App. 200, 745 S.W.2d 651 (1988). That is exactly the situation we have in the case before us. A specific amount of cocaine was found in connection with a trafficking scheme observed by the detectives.

Affirmed.