Armando Perez MUNGUIA and Enrique VEGA
*v.* STATE of Arkansas

CA CR 87-52                                      737 S.W.2d 658

Court of Appeals of Arkansas
Division II
Opinion delivered October 14, 1987

*Honey & Rodgers, P.A.*, for appellants.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellants in this criminal case were charged with possession of a controlled substance with intent to deliver, a violation of Ark. Stat. Ann. § 82-2617 (Supp. 1985). Both of the appellants filed motions to suppress certain evidence, alleging that it was obtained through an illegal search. After a combined joint trial and suppression hearing before the trial judge sitting as the finder of fact, the motions to suppress were denied and the appellants were found guilty. Each was

sentenced to ten years in the Arkansas Department of Correction and assessed a fine of $20,000.00. From that decision, comes this appeal.

For reversal, the appellants contend that the trial court erred in failing to suppress the evidence seized from the appellants' vehicle, asserting that there was insufficient evidence to support a finding of probable cause to search the vehicle, and that the scope of the warrantless search was unreasonably broad. We affirm.

■ The appellants first contend that the evidence was insufficient to support the finding that there was probable cause to search the vehicle, and they argue that the trial court thus erred in denying their motions to suppress the evidence obtained through that search. In reviewing the trial court's action in granting or denying motions to suppress evidence obtained by warrantless searches, we make an independent determination based on the totality of the circumstances, but we will not set aside the trial court's finding unless it is clearly against the preponderance of the evidence. *Ingle* v. *State*, 8 Ark. App. 218, 655 S.W.2d 2, *cert. denied*, 467 U.S. 1209 (1983). At trial, the State produced evidence to show that the appellants' automobile was being driven erratically and was drifting from one side of its lane to the other. This erratic driving attracted the attention of Officers Brown and Barfield, who were patrolling in separate vehicles. Officer Brown pulled the car over after observing it drift toward the shoulder of the highway two or three times, believing that the operator was either falling asleep or driving while intoxicated. While inquiring about the ownership and registration of the vehicle, Officer Barfield, who was standing near the passenger door, observed a small quantity of marijuana residue scattered on the carpeting near the transmission hump. Officer Brown was consulted, and he agreed that the substance was marijuana. The officers noticed that the interior panel of the passenger door was ill-fitting. Officer Brown raised the edge of the panel and discovered several bundles of marijuana. The officers then searched the vehicle and discovered many more packages of marijuana concealed behind the interior panels of the vehicle.

■ It is undisputed that the search of the appellants' vehicle was conducted without a warrant and without the appellants' consent. However, a police officer may conduct a

warrantless search of a vehicle if he has reasonable cause to believe that the vehicle contains contraband. *Rowland* v. *State*, 262 Ark. 783, 561 S.W.2d 304 (1978); A.R.Cr.P. Rule 14.1. Reasonable cause exists when the facts and circumstances within the officer's knowledge, or of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Tillman* v. *State*, 271 Ark. 552, 609 S.W.2d 340 (1980); *Rowland* v. *State, supra.*

In the case at bar, the question of the existence of reasonable cause to search the vehicle turns upon the police officers' observation of marijuana in plain view. Under the plain-view doctrine, seized evidence is admissible when the initial intrusion was lawful; the discovery of the evidence was inadvertent; and the incriminating nature of the evidence was immediately apparent. *Johnson* v. *State*, 291 Ark. 260, 724 S.W.2d 160 (1987). The appellants do not dispute the legality of the initial intrusion or the inadvertence of the discovery of the marijuana residue on the floorboard, but argue that the incriminating nature of the substance was not readily apparent. The record shows that the officers observed the residue at approximately 4:00 p.m. on December 5, 1986. Officer Brown testified that he has come into contact with marijuana on hundreds of occasions; that he had never identified a substance as marijuana which was shown by chemical analysis to be a substance other than marijuana; and that he was able to definitely identify the residue on the floor of the appellants' vehicle as marijuana. On this record, we conclude that the evidence is sufficient to support a finding that the incriminating nature of the residue was immediately apparent, and, based on our review of the totality of the circumstances, we hold that the trial court's finding of reasonable cause to search the vehicle is not clearly against the preponderance of the evidence.

Next, the appellants contend that the search of their automobile went beyond the permissible scope of a warrantless automobile search, and assert that the removal of the interior panels was an excessive intrusion. We do not agree. The United States Supreme Court has held that:

> [T]he scope of the warrantless search authorized by [the automobile] exception is no broader and no narrower than

a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

*United States* v. *Ross*, 456 U.S. 798, 825 (1982). In the case at bar, the police officers' plain-view observation of the marijuana residue on the floorboard gave rise to probable cause to believe that the automobile contained contraband. Given the discovery of the loose-fitting door panel, we think that a reasonably cautious police officer would have been warranted in the belief that additional marijuana would be found within the door, and that a magistrate could properly have issued a warrant authorizing a search of the recesses behind the interior panels for concealed marijuana. Thus, we hold that the search in the case at bar did not exceed the permissible scope of a warrantless automobile search.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.