John Mark BLISS *v.* STATE of Arkansas

CA CR 90-174                                     802 S.W.2d 479

Court of Appeals of Arkansas
Division II
Opinion delivered January 30, 1991

*Daniel D. Becker* for appellant.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, John Mark Bliss, appeals from his conviction of possession of a controlled substance (marijuana) with intent to deliver, a violation of Ark. Code Ann. § 5-64-401 (1987). The appellant entered a conditional plea of guilty to the above offense, pursuant to Ark. R. Crim. P. 24.3(6), pending resolution of his motion to suppress. On Febru-

ary 27, 1990, the trial judge denied the motion and ordered the appellant to serve four years in the Arkansas Department of Correction. This appeal arises from the denial of the motion to suppress. We affirm.

The record reveals that on April 20, 1989, a confidential informant telephoned the Polk County Sheriff's Office to speak to Officer Bill Nelson. In Nelson's absence, the informant asked to speak with James Cox, Polk County Deputy Sheriff. The informant told Cox that the appellant "was leaving the Mena area with a so-called brick of marijuana and would be going to the Mount Ida area by the route of Black Springs over 8, Highway 8 . . . [H]e would be driving a 70's,. . ., red Chevrolet Monte Carlo and that he had left the Mena area approximately five to ten minutes prior to me getting the phone call."

Deputy Sheriff Cox then relayed the information to Sheriff James Carmack of the Montgomery County Sheriff's Office. Carmack radioed Trooper Barry Spivey and told him to set up a check point outside of Black Springs. Trooper Spivey related that no more than thirty seconds elapsed before he observed the appellant's vehicle. Spivey followed him to a nearby country store where he asked the appellant to pull over to the side because he needed to speak with him. Trooper Spivey testified that he informed the appellant that he was suspected of transporting drugs. Spivey then obtained the appellant's consent to search his vehicle. The subsequent search revealed a bag of marijuana weighing approximately less than ten pounds.

On appeal, the appellant presents two points of error which he contends mandate reversal. First, the appellant argues that the trial court erred in refusing to suppress the bag of marijuana because his consent to search was not voluntary. Next, the appellant argues that there was no reasonable cause to request a search of his vehicle. Inasmuch as these arguments are related, we will address them in one discussion.

The Fourth Amendment protection against unreasonable searches and seizures extends to persons driving down the street. *Reeves v. State*, 20 Ark. App. 17, 722 S.W.2d 880 (1987). Consistent with the Fourth Amendment, police may stop persons on the street or in their vehicle in the absence of either a warrant or probable cause under limited circumstances. *Terry v. Ohio*,

392 U.S. 1 (1968). One of those limited circumstances involves the investigatory stop. *Miller* v. *State*, 21 Ark. App. 10, 727 S.W.2d 393 (1987). In *United States* v. *Hensley*, 496 U.S. 221 (1985), the court stated that when an informant is the source of the information that results in one law enforcement agency requesting another agency to stop a suspect, the officers who originally dealt with the informant must have reasonable suspicion to stop the appellant. The common thread which runs through the decisions makes it clear that the justification for the investigative stop depends upon whether, under the totality of the circumstances, the police have specific, particularized, and articulable reasons indicating the person or vehicle may be involved in criminal activity. *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 284 (1982).

Arkansas Rule of Criminal Procedure 3.1 provides in pertinent part:

> A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, . . ., if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct.

In determining the reasonableness of the officer's suspicion, Ark. R. Crim. P. 2.1 provides:

> "Reasonable suspicion" means a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion.

In the case at bar, Polk County authorities possessed reasonable suspicion to stop the appellant's vehicle. Sheriff Cox received information regarding the appellant's activities from a confidential informant. Shortly after the information was relayed to Montgomery County authorities, Trooper Spivey observed a vehicle exactly matching the description given by the informant. Given the fact that the informant's information was verified by

the officer's observations and the informant's reliability was established by his previous work with Polk County personnel, we cannot say reasonable suspicion did not exist to permit an investigatory stop of the appellant.

Our inquiry does not end here. Next, we must decide whether the search of the appellant's vehicle was proper. The appellant argues that he did not knowingly and intelligently consent to the search of his vehicle. We cannot agree. The state has the burden of proving by clear and positive testimony that consent to a search was freely and voluntarily given and there was no actual or implied duress or coercion. *Scroggins* v. *State*, 268 Ark. 261, 595 S.W.2d 219 (1980); *Rodriquez* v. *State*, 262 Ark. 659, 559 S.W.2d 925 (1978).

In the case at bar, Trooper Spivey testified that he told the appellant that he had received information that the appellant was possibly transporting drugs. Spivey then asked the appellant for permission to search his vehicle. According to Trooper Spivey, the appellant said "take all the time you want; do anything you want to do." However, prior to the search, Spivey explained the potential penalties the appellant could be facing if he were caught with a large quantity of marijuana. Spivey again asked the appellant for permission to search and the appellant responded in the affirmative. Spivey testified that no force or coercion was used in obtaining the appellant's consent. In addition, Deputy Sheriff Russell Carmack stated that the appellant nodded his head acknowledging that he twice consented to a search of his vehicle. Considering the above testimony, we are unable to say that the appellant's consent was not freely and voluntarily given.

We note that the appellant relies heavily upon *Kaiser* v. *State*, 296 Ark. 125, 752 S.W.2d 271 (1988), in arguing that the record is devoid of evidence establishing the reliability of the informant. The decision in *Kaiser* is distinguishable from the present case because in *Kaiser* the *sole* basis for the stop of Kaiser's car was information received from the Missouri State Police who told the Randolph County Sheriff their information came from a reliable informant. Here, Polk County authorities received information from an informant who had previously given testimony resulting in at least four felony drug convictions. Based upon the proven past reliability of the informant and the

verification of the informant's information due to the officer's observation, the investigative stop and subsequent search of the appellant's vehicle was proper.

After a thorough and careful review of the record, we find no error in the trial judge's denial of the motion to suppress. We, therefore, affirm the appellant's conviction and sentence of four years in the Arkansas Department of Correction.

Affirmed

CRACRAFT, C.J., and JENNINGS, J., agree.