Joseph BOND and James Bond *v.*
STATE of Arkansas

CA CR 93-542                                     873 S.W.2d 569

Court of Appeals of Arkansas
Division II
Opinion delivered April 6, 1994

178

*Randy Rainwater*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant Joseph Bond was convicted by a jury of possession of a controlled substance (marijuana) and possession with intent to use drug paraphernalia. He was sentenced to serve one year in the county jail and a fine of $1,000.00 on the possession of a controlled substance conviction and to serve four years in the Arkansas Department of Correction and a fine of $5,000.00 on the possession with intent to use drug paraphernalia conviction. Of course the misdemeanor sentence of imprisonment will be satisfied by service of the felony sentence of imprisonment, Ark. Code Ann. § 5-4-403(c)(1) (1987), and the trial court's judgment so indicates.

Appellant James Bond was convicted by a jury of possession with intent to deliver a controlled substance (marijuana) and possession with intent to use drug paraphernalia. He was sentenced to serve four years in the Arkansas Department of Cor-

rection and a fine of $5,000.00 on the possession with intent to deliver a controlled substance conviction and to serve four years in the Arkansas Department of Correction and a fine of $5,000.00 on the possession with intent to use drug paraphernalia conviction. Those sentences were made to run concurrently.

Randy Gibbins, a Polk County Deputy Sheriff, testified that at 1:20 a.m. on a Saturday morning in August of 1992, while on a routine patrol performing security checks on a school, he noticed a vehicle approaching him. Without signaling, the vehicle turned in front of the school gym. The officer turned behind the vehicle, noticed that the left rear taillight was broken out, and also recognized the vehicle. The officer testified he knew both of the Bond boys and had warned James Bond on two separate occasions about the broken taillight on the vehicle. The officer said that he made a routine traffic stop and that James was driving and Joseph was on the passenger side.

The officer also testified that when he walked up to the vehicle, he noticed that James appeared somewhat intoxicated, and there was an odor that he attributed to the drinking of an alcoholic beverage, and another odor that he attributed to the smoking of marijuana. The officer asked James to exit the vehicle and then noticed a small brass pipe, which he recognized to be drug paraphernalia, lying next to Joseph's leg in the seat. Officer Gibbins asked Joseph to step out of the vehicle and, when he did, a wine cooler bottle fell out into the street. The officer testified that expecting to find more alcohol in the vehicle he looked in the back floor board area and saw a brown paper sack about the size that would normally contain a six pack of wine coolers, beer, coke or something of that kind behind the driver's seat. He said he opened the back door; looked inside the sack expecting to find some alcohol; found green vegetable matter that later proved to be 1.4 ounces of marijuana; and then placed appellants under arrest for possessing marijuana.

The second argument in appellants' brief is that the evidence is insufficient to support their convictions, and the trial court erred in denying their motions for a directed verdict. We address this argument first. *See Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

■■■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *McIntosh* v. *State*, 296 Ark. 167, 753 S.W.2d 273 (1988). In resolving the question of the sufficiency of the evidence in a criminal case, we view the evidence in the light most favorable to the appellee and affirm if there is substantial evidence to support the decision of the trier of fact. *Ryan* v. *State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty and precision, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989); *Ryan*, supra. The fact that evidence is circumstantial does not render it insubstantial. *Small* v. *State*, 5 Ark. App. 87, 632 S.W.2d 448 (1982). Also, possession of marijuana in an amount more than one ounce creates a rebuttable presumption that it is possessed with an intent to deliver. Ark. Code Ann. § 5-64-401(d) (Repl. 1993).

Appellants contend the evidence is not sufficient because the State failed to prove that either appellant possessed the marijuana. Each appellant argues that he did not own the marijuana, but neither argues that the marijuana belonged to the other.

■ In *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988), our supreme court stated:

> Other courts have held that the prosecution can sufficiently link an accused to contraband found in an automobile jointly occupied by more than one person by showing additional facts and circumstances indicating the accused's knowledge and control of the contraband, such as the contraband's being (1) in plain view; (2) on the defendant's person or with his personal effects; or (3) found on the same side of the car seat as the defendant was sitting or in immediate proximity to him. Other facts include the accused (4) being the owner of the automobile in question or exercising dominion and control over it; and (5) acting suspiciously before or during arrest.

297 Ark. at 70, 759 S.W.2d at 795 (citations omitted.)

■ Applying *Plotts* to the instant case there are factors

in addition to the joint occupancy of the vehicle, from which the jury could find that appellants had joint control and dominion over the contraband. First, as to the small brass pipe, it was found in plain view and it was found in the front seat in immediate proximity to both appellants. Secondly, an additional factor, which links both appellants to the marijuana and from which constructive possession could be found, is that marijuana was in the back seat behind the driver's seat in an area most easily accessible to Joseph, the passenger, but also accessible to James, the driver. Finally, there is Officer Gibbins' testimony that when he walked up to the vehicle he noticed an odor he attributed to the smoking of marijuana, and both appellants appeared to have glassy eyes.

We think these factors are sufficient to support a finding that both appellants possessed the contraband and sufficient to sustain their convictions.

The first argument in appellants' brief is the trial court erred by allowing the testimony of Delores Baker, who was not listed by the State as a witness in response to appellants' discovery motion, to prove the chain of custody of the evidence.

Arkansas Rule of Criminal Procedure 17.1(a)(i) provides that the prosecutor should disclose, upon request, the names and addresses of the witnesses he intends to call at trial. Rule 19.7 provides for sanctions for failure to comply with the discovery rules; the sanctions include ordering the party to permit discovery; granting a continuance; prohibiting the party from introducing into evidence the material not disclosed; or entering such other order as is deemed proper under the circumstances.

Here, after appellants objected to Ms. Baker's testimony, the prosecutor stated in a discussion at the bench that Ms. Baker's name appeared upon the applications sent to the crime lab that were furnished to appellants during discovery; that appellants' counsel had personal contact with Ms. Baker during the period of discovery; that appellants' counsel accompanied Ms. Baker to have the evidence weighed; and that appellants' counsel knew that Ms. Baker was in custody of the evidence. The trial court stated that if counsel showed genuine surprise, it would probably sustain the objection, but that there was no surprise

shown. The trial court denied the motion on that basis, and the appellants have not argued on appeal that they were surprised by the testimony of this witness. Under the circumstances, we cannot say Ms. Baker's testimony prejudiced appellants' case. *See Brooks* v. *State*, 308 Ark. 660, 670, 827 S.W.2d 119 (1992); *Marx* v. *State*, 291 Ark. 325, 334, 724 S.W.2d 456 (1987).

Finally, appellants argue that the trial court erred in denying their motion to suppress as evidence the pipe and marijuana which were obtained from a vehicular search conducted without consent or a search warrant. Appellants argue they were stopped for a taillight violation; that the officer could search the vehicle only for such things which were connected with the offense for which they were arrested; that no alcohol-related arrest was made; and therefore the officers could not search for alcohol in the vehicle. Appellants also argue there was no evidence that they were armed; therefore, the officers could not search for weapons.

In reviewing a trial court's ruling on a motion to suppress evidence, we make an independent determination based on the totality of the circumstances and reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988). A police officer may conduct a warrantless search of a vehicle if he has reasonable cause to believe the vehicle contains contraband. *Rowland* v. *State*, 262 Ark. 783, 561 S.W.2d 304 (1978); Ark. R. Crim. P. 14.1. Reasonable cause exists when the facts and circumstances within the officer's knowledge, or of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Perez* v. *State*, 260 Ark. 438, 541 S.W.2d 915 (1976).

Here, appellants do not argue that the police officer did not have a valid reason to stop the vehicle in which they were riding.

At the hearing on appellants' motion to suppress, Officer Gibbins testified that when he approached the vehicle he smelled the strong odor of alcoholic beverages and a slight odor of what he was not "100% sure" was marijuana. He said he asked the subject to step out of the car and then noticed a brass pipe which he recognized as being used to smoke marijuana next to

the passenger's leg. Under the plain view doctrine, seized evidence is admissible when the initial intrusion was lawful; the discovery of the evidence was inadvertent; and the incriminating nature of the evidence was immediately apparent. *Munguia* v. *State*, 22 Ark. App. 187, 737 S.W.2d 658 (1987). Therefore, the trial court did not err in failing to grant appellants' motion to suppress the brass pipe.

Moreover, after the officer recognized the small brass pipe as narcotics paraphernalia, the officer then had probable cause for believing that other areas in the car might contain contraband. *Cook* v. *State*, 293 Ark. 103, 732 S.W.2d 462 (1987).

Further, prior to searching the car, the officer arrested appellants for possession of marijuana and drug paraphernalia. An officer, incident to an arrest, may contemporaneously search a vehicle, including the passenger compartment and any containers found within the passenger compartment, and seize things subject to seizure if the circumstances of the arrest justify a reasonable belief on the part of the officer that the vehicle contains things which are connected with the offense for which the arrest is made. *Campbell* v. *State, supra.*

Finally, the officer smelled an odor which he attributed to the drinking of alcoholic beverages, and he testified that when Joseph exited the vehicle, a wine cooler bottle fell out into the street. The officer said that he noticed a sack on the rear floorboard and felt there was alcohol in the sack. He picked up the sack, noticed it was light to the touch and did not have alcohol bottles in it, but contained what he believed to be marijuana.

Under the circumstances, we think the trial court was correct in denying appellants' motion to suppress the pipe and the marijuana.

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.