Benjamin ROARK *v.* STATE of Arkansas

CA CR 93-121                                        876 S.W.2d 596

Court of Appeals of Arkansas
Division I
Opinion delivered May 25, 1994

*William E. Johnson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Benjamin Roark, was found guilty by a jury of possession of a controlled substance (marijuana) with intent to deliver for which he was sentenced to a term of four years in prison with a fine of $10,000. Appellant raises four issues for reversal, contending that: (1) the trial court erred in denying his motion to exclude the testimony of two state witnesses; (2) the trial court erred in denying his motion to suppress; (3) the trial court erred in denying his second motion to suppress; and (4) the trial court erred in failing to conduct hearings on his motion to dismiss for violation of the speedy trial rule and his motion for a continuance. We cannot disagree with the trial court's rulings on these matters and thus we affirm.

Although appellant does not contest the sufficiency of the evidence to support his conviction, a short recitation of the underlying facts is necessary for an understanding of the issues raised on appeal. On April 8, 1992, law enforcement officers stopped a vehicle driven by Gary Falkenberg. Falkenberg was arrested when a half pound of marijuana was discovered in the vehicle. Falkenberg later identified appellant as his source for obtaining the contraband and he informed the officers that he was to meet appellant later on that day for the purchase of an additional quantity of marijuana. Falkenberg agreed to cooperate with the authorities, and plans were made for the police to monitor Falkenberg's rendezvous with appellant. After a series of events, the police stopped appellant's vehicle in which a quarter-pound of marijuana was found. Appellant was subsequently arrested, along

with the passenger in appellant's car, Jon Kevin Lindsey.

As his first issue on appeal, appellant argues that the trial court erred in denying his motion to exclude the testimony of Falkenberg and Lindsey. Relying on the federal decisions of *United States* v. *Cervantes-Pacheco*, 800 F.2d 452 (5th Cir. 1986), and *United States* v. *Waterman*, 732 F.2d 1527 (8th Cir. 1984), appellant contends that, because these witnesses were afforded leniency, he was denied due process by the State's use of their testimony. The leniency referred to by appellant was that Falkenberg pled guilty to the offense of possession of a controlled substance for which he was placed on probation and fined, while Lindsey was released without being charged. We find that the cases relied upon by appellant are distinguishable from the present case and that the credibility of these witnesses, who were subject to cross-examination, was for the jury to determine.

Generally speaking, in the decisions cited by appellant, it was deemed a violation of due process for the compensation of an informant-witness to be made contingent upon the success of the prosecution. The courts considered such arrangements as being an inducement to testify falsely and thus an invitation to perjury, thereby depriving the accused of a fundamentally fair trial. By contrast, absent in this case is the contingent nature of the arrangement. No reward was to be forthcoming dependent on the performance of these witnesses or the successful outcome of trial. In this respect, the instant case more closely resembles that of *United States* v. *Dailey*, 759 F.2d 192 (1st Cir. 1985), where the court declined to require the exclusion of witnesses whose plea agreements depended upon the value or benefit of the witnesses' cooperation, but not the success of the prosecution. Although it was recognized that such plea agreements do entail some risk of perjury, the court determined that the risk did not render the witnesses' testimony inadmissible, and that it was an adequate safeguard for the jury to be fully apprised of the existence of these agreements when performing its function of weighing the credibility of the witnesses.

Similarly, in *Williams* v. *State*, 304 Ark. 279, 801 S.W.2d 296 (1990), the supreme court held that the appellant was not denied due process when the confidential informant was paid a flat fee at the time the drug transaction took place. In so holding,

the court stated that it chose to follow the policy articulated in *Hoffa* v. *United States*, 385 U.S. 293 (1966), leaving the veracity of witnesses to be tested on cross-examination and the credibility of a witness's testimony to be judged by a properly informed jury.

As his second point, appellant claims error in the denial of his motion to suppress evidence, the contraband, which was discovered in his vehicle. At the hearing on the motion to suppress, it was disclosed through the testimony of Drew County Sheriff Tommy Free and others that, based on the information provided by Falkenberg, surveillance was set up at appellant's home and at a church parking lot where the meeting was to take place. Almost at the last moment, officers learned from Falkenberg that appellant had changed the delivery point to some trash dumpsters located on a nearby highway. Appellant was followed as he drove toward the new location, while other officers attempted to reach the area to again set up surveillance. By radio contact, Sheriff Free was advised by another officer that appellant had identified him as being a police officer and Free was asked to stop appellant's vehicle. Sheriff Free said that he activated the strobe light on the dash and pulled into appellant's lane of traffic in an attempt to make the stop. Free testified that appellant tried to get around him by pulling into the ditch. Nevertheless, Free was able to block appellant's vehicle. Sheriff Free also testified, without objection, that another officer observed a marijuana bud lying on the console of appellant's vehicle. In a subsequent search of the vehicle, officers found a McDonald's bag which contained marijuana. Lindsey also testified that a bud of marijuana had been placed on the console.

On this point, appellant first argues that there was no justification for the stop of his vehicle. We disagree.

■■ The Fourth Amendment protection against unreasonable searches and seizures extends to persons driving down the street. Consistent, however, with the Fourth Amendment, police may stop persons on the street or in their vehicle in the absence of either a warrant or probable cause under limited circumstances. One of those limited circumstances involves the investigatory stop. *Bliss* v. *State*, 33 Ark. App. 121, 802 S.W.2d 479 (1991). Rule 3.1 of the Arkansas Rules of Criminal Procedure permits an officer to stop and detain any person the officer

reasonably suspects may be engaged in criminal activity to obtain identification or to determine that the person's conduct is lawful. Rule 2.1 defines "reasonable suspicion" as a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion. One factor that can be considered in determining whether reasonable suspicion exists is the apparent effort of a person to avoid identification or confrontation by the police. *Coffman* v. *State*, 26 Ark. App. 45, 759 S.W.2d 573 (1988). Also, reasonable cause can be based on the collective knowledge of the police officers. *Haygood* v. *State*, 34 Ark. App. 161, 807 S.W.2d 470 (1991).

In reviewing a trial court's decision to deny an appellant's motion to suppress evidence, the appellate court makes an independent determination based on the totality of the circumstances and reverses the decision only if it is clearly against the preponderance of the evidence. *Houston* v. *State*, 41 Ark. App. 67, 848 S.W.2d 430 (1993).

Here, the officers had learned from Falkenberg that appellant was his supplier of the controlled substance and that another exchange was to occur later in the day. Falkenberg's reliability was strengthened when he informed the officers that the exchange point had been changed, and his information was corroborated when appellant was observed leaving his home at around the appointed time and when appellant drove in the direction of the newly designated area. The record further reflects that appellant appeared to detect the presence of the police and that he took evasive measures to avoid the stop. Considering the totality of the circumstances, we cannot say that the officers were not justified in reasonably suspecting that appellant was involved in criminal activity, and thus we cannot say that the trial court's ruling is clearly against the preponderance of the evidence.

Appellant further maintains that the subsequent search of his vehicle and the opening of the sack was unlawful. However, there was testimony that the search took place after a bud of marijuana had been sighted in plain view on the console in appellant's vehicle, and thus the officers could properly conduct

a search to determine whether the vehicle contained other contraband. *See Russell* v. *State*, 295 Ark. 619, 751 S.W.2d 334 (1988). And, if the officers had reasonable cause to search the vehicle, they could search every part of it and its contents that could conceal the object of the search. *United States* v. *Ross*, 456 U.S. 798 (1982); *Haygood* v. *State, supra*; *Lopez* v. *State*, 29 Ark. App. 145, 778 S.W.2d 641 (1989). In sum, we find no error in the denial of the motion to suppress.

██ Appellant next argues that the trial court erred in denying his motion to suppress evidence found in Falkenberg's vehicle and any statements he made to the authorities as the "fruit of the poisonous tree." In *State* v. *Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992), our supreme court observed that it had repeatedly held that a defendant has no standing to question the search of a vehicle owned by another person. It was on this basis that the trial court denied appellant's motion. Although appellant recognizes this principle, he maintains that he had standing in that he was the "target" of the Falkenberg search and that he was a co-conspirator of Falkenberg. In essence, he asks us to overrule those cases requiring standing to challenge a search. We simply note that we are without authority to overrule decisions made by the supreme court. *Leach* v. *State*, 38 Ark. App. 117, 831 S.W.2d 615 (1992). And, even assuming for the moment that appellant could challenge the search, the record does not disclose any of the particulars surrounding the stop of the Falkenberg vehicle, and thus appellant has failed to show that the stop or the subsequent search, which was said to have been based on consent, was somehow illegal and that suppression was in order.

As his final contention, appellant argues that the trial court erred by not holding hearings on his motion to dismiss based on a speedy trial violation and his motion for a continuance. The record reveals that appellant was arrested on April 8, 1991. Trial was originally scheduled for December 19, 1991. The trial was not held until July 7, 1992, which was ninety days beyond the speedy trial limitation. *See* Ark. R. Crim. P. 28.1(c). The record further reflects that the case was continued on numerous occasions. At each and every juncture, the trial court promptly entered orders continuing matters until a date certain and excluding the intervening period of time. The first such continuance was granted on appellant's motion which was filed on December 3, 1991. The

stated reason for the continuance was lack of preparation for trial, and it was asked that trial be continued until after February 28, 1992. In the motion, it was specifically acknowledged by appellant that any delay would be attributable to the defense. On December 6, 1991, the trial court entered an order granting appellant's motion and excluding for speedy trial purposes the period of time from December 19, 1991 to March 31, 1991, the next available trial date.

The record also reflects further delays while hearings were held on appellant's motions to suppress and to exclude the testimony of witnesses. Additionally, the record shows that continuances were granted due to illness of appellant's counsel, counsel's conflicts with other trials, and counsel's family vacation.

By order of May 19, 1992, trial was finally set for July 7, 1992. Appellant filed his motion to dismiss on May 22, 1992. The trial court denied the motion on June 26, 1992, by the entry of an order setting out in precise detail the reasons for its decision. On July 1, appellant filed a motion to set aside this order in which a hearing on the motion to dismiss was also requested. The trial court summarily denied this motion the next day.

■ ■ Under the facts of this case, we find no merit to the argument that the trial court erred by failing to hold a hearing on the motion to dismiss. In the first place, appellant does not complain in this appeal that he was denied a speedy trial. Secondly, the record in this case clearly supports the denial of the motion. With regard to the continuances alone, in commendable fashion the trial judge painstakingly complied with Rule 28.3(c) of the Rules of Criminal Procedure by entering orders continuing the trial to a date certain and providing for the exclusion of that period of time. Although the record reflects that appellant was afforded several continuances, the first such continuance, which we described above, sufficed to bring the trial within the limitations period. In his motion, appellant conceded that the resulting delay would be imputed to him. In making this argument, appellant does not question the order granting that continuance, and he has only vaguely alluded to matters which might have been presented at a hearing. Prejudice is not presumed and we do not reverse absent a showing of prejudice. *Wallace* v. *State*, 314 Ark. 247, 862 S.W.2d 235 (1993). In light

of this record, we cannot conclude that the trial court erred by not conducting a hearing.

With regard to the motion for continuance, this motion was filed six days before trial. Appellant maintained that a continuance was necessary in that the trial court had just denied several of his pre-trial motions and thus more time was needed to prepare for trial. The trial court denied the motion after noting that trial had been continued on several occasions and that appellant had been made fully aware of the evidence to be offered against him as disclosed during the various hearings which were held on appellant's other motions. From our review of the record, we can discern no prejudice resulting from the denial of this motion; the record contains nothing to suggest any lack of preparation for trial. It is well settled that a motion for a continuance is addressed to the sound discretion of the trial judge, and a decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *King* v. *State*, 314 Ark. 205, 862 S.W.2d 229 (1993). We find no abuse of discretion here, and again, appellant has failed to demonstrate how he might have benefitted from a hearing on this matter.

Affirmed.

PITTMAN and COOPER, JJ., agree.